CLERK'S OFFICE U.S. DIST. COURT
AT ROANOKE, VA
FILED

MAY 20 2010

JOHN F. CORCORAN, CLERK
BY:
DEPUTY CLERK

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
ROANOKE DIVISION

| | |
|---|---|
| MICHAEL ANTHONY TALIAFERRO, | ) |
| Plaintiff, | ) Case No. 7:10CV00201 |
| v. | ) |
| | ) **MEMORANDUM OPINION** |
| WALLENS RIDGE STATE PRISON, | ) By: Glen E. Conrad |
| | ) United States District Judge |
| Defendant. | ) |

Plaintiff Michael Anthony Taliaferro, a Virginia inmate proceeding pro se, has filed this civil rights action, pursuant to 42 U.S.C. § 1983, with jurisdiction vested under 28 U.S.C. § 1343. In his complaint, Taliaferro alleges that unnamed officials at Wallens Ridge State Prison destroyed certain articles of his personal property. Upon review of the record, the court finds that the complaint must be summarily dismissed.

## Background

Taliaferro states that he is now incarcerated at Marion Correctional Treatment Center. His § 1983 complaint is brief: "Wallens Ridge disposed of some of my property when it should have been given to me while I was in the [h]ole." He offers no further description of the events on which this claim is based, apparently relying on three documents attached to the complaint as the factual support for his claim. Among his attachments is a letter from the Wallens Ridge Property Department, dated January 8, 2010, addressed to Taliaferro, which reads as follows:

> I have received your informal complaint (log #10437) concerning your "not allowed" property that was stored while you were incarcerated at Wallens Ridge. My records indicate that you arrived at this institution on 2/25/05. In accordance with OP 802.1, you had 30 days to disposition [sic] your property that was not

allowed at this institution. Evidently you failed to do so and it was disposed of on 5/18/05. This included the Nike tennis shoes and the television in which was noted on the inventory form as "not working". As far as your eye glasses, they were confiscated on 4/27/05. The remainder of your property was sent with you when you were transferred to Green Rock Correctional Center on 5-14-07. Wallens Ridge is currently holding no property for you.

(Dkt. No. 1, p. 5.). In a regular grievance filed in March 2010 at MCTC, Taliaferro complained that Wallens Ridge "had no reason" to dispose of his property before he was released from the hole; he demanded reimbursement for the glasses, shoes, and some music tapes. (Id., p. 6.) The grievance was rejected as "unfounded" by the Level I respondent, and when Taliaferro appealed that disposition to the regional director, the Level II response upheld the Level I response from MCTC as appropriate under Operating Procedure 802.1, governing disposition of offender property.

## Discussion

To state a cause of action under § 1983, a plaintiff must establish that he has been deprived of rights guaranteed by the Constitution or laws of the United States and that this deprivation resulted from conduct committed by a person acting under color of state law. West v. Atkins, 487 U.S. 42 (1988). A complaint filed by an inmate challenging the conduct of an "officer or employee of a governmental entity" may be dismissed under § 1915A(b)(1) if the complaint is "frivolous, malicious or fails to state a claim upon which relief may be granted."

As an initial matter, Taliaferro cannot proceed with any § 1983 claim against Wallens Ridge. It is well settled that a state cannot be sued under § 1983. Will v. Michigan Dep't of State Police, 491 U.S. 58, 71 (1989) ("[N]either a State nor its officials acting in their official capacities are 'persons' under § 1983."). This rule applies "to States or governmental entities

that are considered 'arms of the State' for Eleventh Amendment purposes." Id. at 70. As an "arm" of the Commonwealth of Virginia, Wallens Ridge is not a "person" subject to suit under § 1983. See Will v. Michigan Dep't of State Police, 491 U.S. 58, 65-70 (1989). Accordingly, any § 1983 claims against Wallens Ridge must be summarily dismissed, pursuant to § 1915A.

Taliaferro names no individual officials as defendants. Even if he were allowed to do so, however, his allegations fail to state any actionable § 1983 claim against anyone. Allegations that prison officials randomly deprived an inmate of his property, whether intentionally or as a result of negligence, do not state any constitutional claim "if a meaningful post-deprivation remedy for the loss is available." Hudson v. Palmer, 468 U.S. 517, 533 (1984). Inasmuch as plaintiff possessed tort remedies under Virginia state law, see Virginia Code § 8.01-195.3, it is clear that he cannot prevail in a constitutional claim for the alleged property loss in this case, if his contention is that officials accidently disposed of his property.

To the extent that Taliaferro is arguing that officials disposed of his property pursuant to a prison policy, the analysis is somewhat different, as such deprivations sometimes require pre-deprivation procedures. Parratt v. Taylor, 451 U.S. 527, 537 (1981). Whether such a violation has occurred hinges on whether the procedural protections afforded by prison officials are sufficient to ensure that deprivations pursuant to the policy are lawful. Zinermon v. Burch, 494 U.S. 113, 128 (1990). A post-deprivation remedy for mistaken deprivations will suffice where the property interest at stake is adequately protected by such procedures. Id.

Taliaferro's submissions do not complain that Wallens Ridge officials disposed of the inmate's property without providing him any prior notice or that the predeprivation procedures utilized were inadequate. Moreover, Taliaferro's submissions indicate that once he complained

about his property disposal, officials took pains to investigate and inform him fully of what had occurred. If he had initiated the grievance procedure immediately after discovering that the property was missing, he could have pursued a tort claim under state law to recover the value of that property. As he thus fails to demonstrate that existing procedural protections were lacking or that he had no state court remedy, his allegations cannot give rise to a federal due process claim and must be dismissed, pursuant to § 1915A.

Furthermore, Taliaferro's property complaint is barred under the applicable statute of limitations. In Virginia, a plaintiff must bring his § 1983 claims within two years of the date on which his claims accrue, pursuant to Virginia Code § 8.01-234(A). Shelton v. Angelone, 148 F. Supp.2d 670, 677 (W.D. Va. 2001) (applying Owens v. Okure, 488 U.S. 235, 239-40 (1989) (finding that state statute of limitations for general personal injury claims applies to § 1983 actions)). A § 1983 claim accrues "when the plaintiff possesses sufficient facts about the harm done to him that reasonable inquiry will reveal his cause of action." Nasim v. Warden, Md. House of Correction, 64 F.3d 951, 955 (4th Cir. 1995) (en banc). Because the property items to which Taliaferro refers were not allowed at Wallens Ridge, he certainly knew during his incarceration there from February 2005 to May 2007 that he no longer possessed them and could have filed grievances, seeking to discover their whereabouts. Again, after his May 2007 transfer to Green Rock, Taliaferro knew which property items he possessed or did not possess at the new institution and could have inquired about any missing items. Thus, the court is satisfied that Taliaferro's property claims accrued more than two years from May 2, 2010, the date on which

he filed this § 1983 action.[1] Therefore, his claims may be summarily dismissed as time-barred under § 8.01-234(A). See Nasim, 64 F.3d at 955-56 (applying prior version of § 1915 to hold that court may summarily dismiss time-barred § 1983 action as legally frivolous).

## Conclusion

For the stated reasons, the court concludes that this § 1983 action must be summarily dismissed without prejudice, pursuant to § 1915A, as legally frivolous. An appropriate order will issue this day.

The plaintiff is advised that he may appeal this decision pursuant to Rules 3 and 4 of the Federal Rules of Appellate Procedure by filing a notice of appeal with this court within 30 days of the date of entry of this memorandum opinion and the accompanying order, or within such extended period as the court may grant pursuant to Rule 4(a)(5).

The Clerk is directed to send copies of this memorandum opinion and accompanying order to plaintiff.

ENTER: This 20th day of May, 2010.

/s/ Glen E. Conrad
United States District Judge

---

[1] An inmate's § 1983 action is commenced for purposes of the statute of limitations as soon as he delivers his complaint to prison authorities for mailing. Rule 3(d), Rules Governing §2254 Cases; Lewis v. Richmond City Police Depot, 947 F.2d 733 (4th Cir. 1991) (same). Taliaferro signed and dated his complaint on May 2, 2010. Therefore, the court will assume for purposes of this opinion that he also delivered the complaint to prison authorities for mailing on that date.